WILLIAM WENTWORTH, *versus* PARLEY WHITTEMORE and his Trustee.

Sailors' wages not attachable under the trustee-law, unless the vessel has arrived at some port of unlading.

THE defendant *Whittemore* was a sailor ; and at the time of the service of the writ on the supposed trustee, was in his service, as a sailor, upon a voyage on board a vessel which had not *then* arrived at any port of unlading. And the question was, whether, under the statute of foreign attachment, (*stat.* 1794, *c.* 65, § 1,) *here* was such a demand or debt existing, as could be attached and holden by this process, for the benefit of the plaintiff, who was a creditor of the sailor.

For the trustee, it was said that, in this case, there was no debt ; that although the statute extended to those cases where the debt was payable at a future day, which might, undoubtedly, be attached and holden, yet the debt must be absolute in itself ; and not like the present case, in which it is altogether uncertain whether any thing will ever become due ; *that* depending upon the contingency of the vessel's arriving at some port of unlading.

[SEWALL, J. Suppose the sailor had died on the day the process was served, would not his whole wages up to that time have been due ?]—*Counsel.* If the vessel had *afterwards* arrived, they would have been due, because the contingency would *then* have happened, but otherwise, there would have * been noth- [ * **472** ] ing due. Could this demand, at the time of the service of the process, have been proved as a debt under a commission of bankruptcy ? It is believed that it could not ; because at *that* time, it was contingent—wholly uncertain whether any thing would be-

come due ; if so, then the present process cannot ·hold the person summoned as trustee ; for whether he be trustee or not, depends on the existing facts at the time of the service of the writ : if he were not so then, nothing subsequent can make him so—at least so as to hold him in the present action.

THACHER, J., said he was of opinion, that there was an existing debt in this case ; and therefore nothing which could be attached by this process. At the time of the service of the writ, the person summoned as trustee was not the debtor of *Whittemore*, the sailor, and at that time, it was altogether contingent whether he ever would be ; and the statute never was intended to make a barely possible future claim liable to attachment.

SEWALL, J., said he was of a different opinion ; that he thought here was an existing debt, though subject to a contingency, as to the time of payment. And he compared it to the case of a bottom-ry-bond, which, as to the ultimate liability of the obligor, depended on the same contingency—the future arrival of the vessel ; yet it had always been considered as giving a present interest to the obligor, and, as such, might be insured. It is true, that the wages of a sailor cannot be insured ; but this has been so declared from principles of policy, and in order that the sailors may be encouraged to take the best possible care of the vessel. He also said that he could not distinguish this case from one which had been decided in this Court ; in which an executor, who was summoned as the trustee of a lega-tee, to whom a legacy was given, payable at the end of [ * 473 ] one year from the decease of * the testator : although the executor, in his answer to the usual interrogatory, stated that he was not certain there would be any thing in his hands for the payment of legacies, after he should have paid the debts of the testator, yet the action was sustained, and the executor adjudged to be a trustee within the statute. (*a*)

SEDGWICK, J. said, that had not his brother (SEWALL, J.) ex pressed a different opinion, he should have had no doubt, that this was not a debt. Every debt must be either *solvendum in præsenti*, or *solvendum in futuro*—must be certainly, and in all events, payable ; but whenever it is uncertain whether any thing will ever be de-mandable by virtue of the contract, it cannot be called a debt. The bankrupt laws are altogether on this principle. In the statute, the word credit is used : *credits* are made attachable. *Credit* and *debt* are correlatives : if there be no debt, there can be no credit.

---

(*a*) It was decided that in such case, the executor could *not* be held as trustee, *Barnes* vs. *Treat & Tr.* vol. vii. 271 ; and that an administrator cannot be the trustee of his intestate, vid. *Brooks & Cook* vs. *Barret & Tr.*, post, vol. viii. 246.

WENTWORTH *vs.* WHITTEMORE & Trustee.

And the present case is neither within the words nor meaning of the statute.

*Trustee discharged.* (1)

*Kinsman* for the plaintiff.

*Parker* for the trustee.

(1) *Davis* vs. *Ham & Al*, vol. iii. 33 acc. *Frothingham* vs. *Haley*, ib. 68. Rent accruing under an indenture of lease, but which has not fallen due, cannot be attached under this process. *Wood* vs. *Partridge*, vol. xi. 488.